P. P. ELDER *et al.* v. THE BOARD OF COMMISSIONERS OF FRANKLIN COUNTY.

1. CITY — *Plat* — *Public Uses* — *Title* — *Trust.*   Under the act concerning plats of cities and towns, the execution and record of a plat of a city, town, or addition, conveys to the county the fee of such parcels of land as are therein expressed, named, or intended for public uses, in trust, and for the uses therein named, expressed, or intended, and for no other use or purpose.

2. ————— *Diversion of Trust.*   The conveyance of a block of ground for the use of the public as a "court-house square," creates a trust which is not executed by a sale of the block or a portion of it, and the application of the proceeds to the erection of a court house.

*Error from Franklin District Court.*

ACTION against the *County Board* by *P. P. Elder* and other owners of improved real estate in the city of Ottawa, but not owners of premises abutting on the streets which bound block 85 in said city — marked in the plat thereof "Court House Square."   The parties plaintiff and the defendant board submitted the case to the court on an agreed statement of facts,

wherein the precise questions at issue were formulated as follows:

"1. Under existing title, has the board of county commissioners the right and power to sell and convey the property designated 'Court House Square,' or any part thereof, and apply the proceeds to the erection of county buildings elsewhere in said county seat? The plaintiffs affirm that, except as to abutting lot-owners, the defendants have such right and power. The defendants deny the proposition affirmed by the plaintiffs.

"2. If the title is an easement or trust only, and the property liable to revert if not used for the public purpose designated 'Court House Square' on the plat and in the said deed, can the original grantors now make a good and sufficient conveyance, so as to vest the fee in the county that it may be sold, and proceeds be used as proposed in the preceding question? On the second question the plaintiffs affirm that the town company's grantors have no reversion because estopped both by the plat and the action concerning same, and especially are said grantors by the execution, delivery of, and the terms of said deed. Defendants admit that said town company is estopped by its action concerning said plat, but deny that said deed is an estoppel.

"3. In case it be decided that the present title is a conditional trust, that said square be used for a court-house site, and said original grantors can and do make an unconditional title, then have abutting lot-owners or other property-owners or persons vested rights in its public designated use so as to enjoin or otherwise prevent the sale of said square, or any part thereof? On this third proposition plaintiffs admit that abutting lot-owners can have a remedy in law or equity, and deny that any other parties or persons are so entitled. Defendants allege that other property-owners in said city and county than abutting lot-owners also have such interest as to obtain legal relief against such disposition of said premises.

"4. If it be determined that abutting lot-owners or others can enjoin or prevent sale under such new unconditional deed from original grantors to be executed in lieu of existing title, then can the county hold the premises vacant and build county buildings elsewhere without being legally prevented by persons having vested rights in the erection of county buildings on said court-house square? On the fourth question the plaintiffs insist that under the circumstances stated in this

and the preceding questions, if decided that others or abutting lot-owners can enjoin and prevent sale, then and in that event the premises cannot be held vacant, but the board of county commissioners may be legally prevented from building elsewhere. The defendants insist that notwithstanding such right to legally prevent a sale, the said board may cause buildings to be erected elsewhere in the county seat of the county, and without legal remedy in favor of any persons interested in said court-house square."

Trial on February 2, 1889, and judgment for the defendant *County.* The plaintiffs brings the case to this court.

*H. P. Welsh*, and *Wm. H. Clark*, for plaintiffs in error.
*C. A. Smart*, county attorney, for defendants in error.

*Per Curiam*: This case will be affirmed, upon the authority of *Comm'rs of Franklin Co. v. Lathrop*, 9 Kas. 453.